IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOSEPH M. MILLER,

    Plaintiff,

v.

CITY OF MEMPHIS,
MEMPHIS POLICE DEPARTMENT,
SGT. MCCASLIN,
C. DEAL,

    Defendants.

Case No. 2:23-cv-02315-MSN-atc
JURY DEMAND

**ORDER ADOPTING REPORT AND RECOMMENDATION ON PENDING MOTIONS**

Before the Court is the Magistrate Judge's Report and Recommendation on Pending Motions (ECF No. 25, "Report"). The Report recommends that Defendants' Motion to Dismiss (ECF No. 15) be granted, and Plaintiff's Motion for Summary Judgment (ECF No. 19) be denied. (*Id.*) Plaintiff filed objections to the Report on June 11, 2025. (*See* ECF No. 26.) Defendants filed a response to Plaintiff's objections on June 20, 2025. (*See* ECF No. 27.) Plaintiff then filed an additional response. (ECF No. 30.)

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

The Magistrate Judge recommends dismissal because Plaintiff (1) failed to identify a municipal policy or custom under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), that would

support municipal liability for his alleged false arrest, (2) did not adequately allege a failure to train MPD officers, and (3) did not adequately allege that MPD has a history of tolerance of constitutional violations. (ECF No. 25 at PageID 119.) Having carefully reviewed the Report, Plaintiff's objections, and the entire record, the Court finds no error in the Magistrate Judge's thorough and well-reasoned analysis.[1]

Plaintiff's objections do not satisfy the requirements of Federal Rules of Civil Procedure 72(b)(2). Rather than identifying factual or legal errors in the Magistrate Judge's analysis, Plaintiff reiterates generalized allegations about racism in Memphis and his own past experiences with the City or MPD.

Plaintiff argues that "the deprivation was committed by a defendant acting under color of state law," and claims police discriminated against him "because of his color of skin. . . . .and Gold Teeth falsely arresting an individual falsifying documents." (ECF No. 26 at PageID 170.) Plaintiff's primary contention seems to be that he has shown a history of tolerance of constitutional violations because he has filed multiple federal lawsuits against the City and MPD. (*See* ECF No. 26 at PageID 161–63.) Two of Plaintiff's lawsuits, Case No. 2:23-cv-2360 and this matter, arise out of an underlying dispute with the same individual, and the other two matters, Case No. 2:25-cv-2515 and Case No 2:25-cv-2516, were consolidated because Plaintiff filed "nearly identical complaints" in those matters. But as this Court previously explained, Miller cannot "rely exclusively on his own personal experience as the basis for his claim that Defendant has a policy or custom" that violated his constitutional rights. *See Curtis v. Lauderdale Cnty.*, No. 2:23-cv-02528-TLP-atc, 2025 WL 367405, at *4 (W.D. Tenn. Jan. 27, 2025) (citation modified); *see also*

---

[1] Even applying *de novo* review to Plaintiff's objections, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to state a viable *Monell* claim against the City of Memphis.

*Thomas v. City of Circleville*, No. 2:23-cv-1474, 2023 WL 3742988, at *6 (S.D. Ohio May 31, 2023), *report and recommendation adopted*, 2023 WL 4366544 (S.D. Ohio July 6, 2023) (dismissing the pro se plaintiff's *Monell* claims because, among other things, "[the plaintiff] has not alleged a widespread pattern. At best, [the plaintiff] alleges various iterations of . . . conduct directed solely to him."). Because Miller has failed to identify any pattern of civil rights violations by the City, other than those allegedly committed against him, his allegations are insufficient to support his *Monell* claim.

Finally, Plaintiff's additional response does not move the needle on the relevant issue. Plaintiff engages in lengthy historical tangents, referencing various unrelated events, including the removal of Nathan Bedford Forrest's remains from a Memphis park. (ECF No. 30.) He also appears to quote various news articles without explaining how they relate to his claims in this matter. (*Id.*)

Accordingly, Plaintiff's objections (ECF Nos. 26 & 30) are **OVERRULED**. The Magistrate Judge's Report and Recommendation (ECF No. 25) is **ADOPTED** in its entirety. Defendant City of Memphis's Motion to Dismiss (ECF No. 15) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED**, this 29th day of September, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE